IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EMMA WATSON, ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. 2:08CV81 |
| DR. GREGORY HORTMAN, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

The court denies the motions to drop parties and to transfer venue (##21, 22, and 27) for the reasons assigned in this order.

This case involves a constitutional challenge to the damages limitations adopted by the Texas Legislature in H.B. 4. The plaintiffs in this case are also plaintiffs in health care liability suits pending in Texas state courts. They seek to represent a class of persons attacking, on various grounds, the constitutionality of the damages limitations. The defendants include various physicians and health care providers. These parties are also defendants in the underlying state court suits. In various motions, the defendants ask the court to drop parties under Fed. R. Civ. P. 21. Alternatively, the defendants seek a transfer to the Southern District of Texas, Houston Division.

With respect to the motions to drop parties, the defendants challenge the joinder of all of the plaintiffs and all of the defendants in this case. The defendants argue that Rule 20(a) governs the permissive joinder of parties, and Rule 20(a) allows permissive joinder of parties only when (1) any right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences" and (2) common questions of law or fact exist in the action. According to the

defendants' argument, the only parties who are properly joined in this case include Emma Watson, Charles Demertris Gaskin, M.D., Gregory Hortman, M.D., and the Harrison County Medical Hospital Association d/b/a Marshall Regional Medical Center. These parties are the only ones who reside in this judicial district and are the parties to the underlying health care liability claim in Harrison County, Texas. According to the defendants, the court should drop all of the claims of the other plaintiffs asserted against the remaining defendants because their claims arise out of discrete acts of health care and treatment in other parts of the state. Thus, according to the defendants, although the case involves a common question of law (the constitutional validity of H.B. 4), the claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences that give rise to the Watson claim.

The plaintiffs respond by arguing that this is a putative class action suit and the plaintiffs have all been properly joined in this declaratory judgment suit as class representatives. In addition, the plaintiffs urge that Rule 20(a) is satisfied even if the class action rules do not apply.

Having considered the arguments of the parties, the court is persuaded that the motions to drop parties should be denied. Putting aside the fact that the plaintiffs have asserted class action allegations, there is a common question of law. The common question of law applicable to all of the plaintiffs and all of the defendants involves the alleged unconstitutionality of H.B. 4. In addition, the plaintiffs' requested relief is a declaratory judgment as to the constitutionality of the law. Each plaintiff's right to that relief arises from the same transaction, occurrence, or series of transactions or occurrences. The constitutional questions involved in this case arise out of the same set of facts–the enactment of H.B. 4. The facts involved in assessing the plaintiffs' right to declaratory relief are the same regardless of the identity of the individual defendant. Rule 20 imposes a liberal

standard for joining parties. The purpose of the rule is "to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000)(*citing Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)). No improper joinder exists in this case. The motions to drop parties are therefore denied.

Alternatively, the defendants seek a transfer of this case to the Southern District of Texas, Houston Division. They point out that the statute relied on in the Plaintiffs' Complaint is the statute governing venue over diversity cases. The invocation of that statute is improper in this case, but the applicable statute plainly directs that venue is proper in this court. Under 28 U.S.C. § 1391(b), venue is proper in a case alleging a federal question where any defendant resides, if all defendants reside in the same state. An examination of the residence allegations in the Complaint reflects that all defendants reside in the same state. Therefore, venue is proper in this district and division because some of the defendants reside here. The motion to dismiss for improper venue is denied.

Turning to the motion to transfer, the case is governed by 28 U.S.C. § 1404(a). Analysis of a motion to transfer under that statute requires a balancing of both public and private interest factors. *See In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008)(en banc). It bears mention that one of the plaintiffs and certain defendants are residents of this district and division. The plaintiffs' choice is entitled to deference and should not be disturbed unless the private and public interest factors indicate that a transfer is proper.

The private interest factors do not support a transfer. In general, this factor examines the convenience to the parties and the witnesses and the location of proof. At the outset, the court rejects the suggestion that there will be many witnesses from around the state who will need to travel to

Marshall to testify. Indeed, this is a constitutional challenge to H.B. 4, not a collection of health care liability claims. There will likely be no witnesses who will testify at any trial as the parties agree that the case should be decided on cross-motions for summary judgment. And, in this type of a case, there is no documentary evidence that will need to be transported to trial. As such, the private interest factors do not support a transfer.

Likewise, the public interest factors do not support a transfer. Although several defendants and plaintiffs reside in the Southern District of Texas, the case is brought as a putative class action. As such, the local interest in adjudicating the suit is equal across the state. Similarly, there is no unfairness of burdening citizens in an unrelated forum with jury duty, given that the case involves a request for declaratory relief concerning the constitutionality of a statute. There are no administrative difficulties caused by court congestion. Finally, there are no conflict of law issues, as the same law would govern any court in the state which would hear this case. Application of the § 1404(a) factors reveals that the motion to transfer venue should be denied.

For the foregoing reasons, the motions to drop parties and the motion to transfer venue (##21, 22, and 27) are denied.

SIGNED this 31st day of March, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE